Miller v Ford (2019 NY Slip Op 07360)





Miller v Ford


2019 NY Slip Op 07360


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


10073 805263/14

[*1] Grace Miller, etc., Plaintiff-Appellant,
v
Michael E. Ford, M.D., et al., Defendants-Respondents, John Does 1-10, Defendants.


Nagel Rice, LLP, New York (Bruce Nagel of counsel), for appellant.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for respondents.



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered April 3, 2018, dismissing the complaint with prejudice, unanimously affirmed, without costs.
Plaintiff alleges that defendant Michael E. Ford, M.D., was negligent in failing to timely diagnose the decedent's metastatic melanoma because he did not order a computed tomography (CT) scan of a right groin lesion observed in February 2012 and did not properly follow up to ensure that the decedent obtained the scan.
Contrary to plaintiff's contention, Dr. Ford's contemporaneous records demonstrate that he ordered and prescribed a CT scan on February 1, 2012. Plaintiff failed to raise an issue of fact through her testimony that the decedent did not mention a CT scan to her and that, if it had been ordered, he would have gotten it done, as she lacks personal knowledge of what Dr. Ford did or did not tell the decedent (cf. Dallas-Stephenson v Waisman, 39 AD3d 303 [1st Dept 2007] [issue of fact whether the defendant referred the plaintiffs to a surgeon was raised by the plaintiffs' own testimony that he did not]).
Defendants also established, through the opinion of their internal medicine expert, that on February 3, 2012, Dr. Ford sufficiently followed up to ensure that the CT scan was performed. Plaintiff failed to raise an issue of fact, as her internal medicine expert misstated the record with respect to the follow-up that was performed and cited no basis for the seemingly arbitrary rule he recited.
Because the record demonstrates as a matter of law that Dr. Ford did not depart from accepted standards in his treatment of the decedent, the medical malpractice claim was correctly dismissed, and we need not reach the issue of whether Dr. Ford's alleged departures proximately caused the decedent to be injured. Absent a viable underlying medical malpractice claim, plaintiff's remaining claims, including the ones derivative in nature, were also correctly dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK